## UNITED STATES DISTRICT COURT FOR
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| Paul Anthony Hatton, | ) |
| Plaintiff, and | ) |
| George L. Mothershed, | ) |
| Intervenor-Plaintiff, | ) |
| vs. | ) |
| Justices of the Oklahoma Supreme Court and Judges of the Court of Civil Appeals of the State of Oklahoma, | ) |
| Defendants. | ) |

Case Nº. **CIV-18-CIV-18-01219-C**

# FILED

DEC 2 0 2018

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____NV_____,DEPUTY

### MOTION OF GEORGE L. MOTHERSHED TO INTERVENE AS A
### PARTY INTERVENOR-PLAINTIFF AND MEMORANDUM OF LAW IN SUPPORT

Proposed Intervener-Plaintiff George L. Mothershed ("Mothershed") respectfully moves this Court for leave to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, or in the alternative, permissively intervention under Rule 24(b)(1). Pursuant to Federal Rule of Civil Procedure Rule 10(c) Mothershed adopts word for word the Paul Anthony Hatton, Plaintiff's complaint and his claims for prospective declaratory and prospective injunctive relief (Doc. 1) with the following additions:

(a) In the caption add: "And George L. Mothershed" as a party Intervenor-Plaintiff.

(b) In the opening prefatory paragraph after Plaintiff Paul Anthony Hatton add: and Intervener-Plaintiff George L. Mothershed, replacing ("Hatton") with ("Hatton and

Mothershed" or "Plaintiffs") and the same name addition throughout the complaint (Doc. 1). Mothershed is a citizen of Arizona.

(c) In paragraph numbered 1, add: Defendants Judge Kieth Rapp, Judge John Fischer, Judge Jerry L. Goodman.

(d) At page 4, beginning paragraph numbered 1(b), after Embrace Home Loans, Inc., Plaintiff/Appellee, vs Paul Anthony Hatton, Defendant/Appellant, and Shelia Jo Hatton; Unknown Successors of Edith M. Rennie, if any; John Doe, as Occupant of the Premises; and Jane Doe, as Occupant of the Premises, Defendants, Case No. SD-117581 ("Hatton appeal") add: Apache vs Mothershed et al, Case No. SD-115367 ("Hatton *and* Mothershed's appeals") and thereafter in the complaint replace "Hatton appeal, with Hatton and Mothershed's appeals.

2.     Oklahoma appellants have no discretion whatsoever as to whether or not they can or cannot participate in a Rule 1.36 appeal. Appellants are strictly compelled, forced and strictly constrained by the Defendants to become Rule 1.36 appellants. Should a Rule 1.36 appellant be granted leave to file a merits brief in a Rule 1.36 appeal, the Oklahoma appellate courts will receive and file that brief. Rather than addressing the merits of the issues set forth in that filed brief, in complete disregard or ignorance of the issues raised in the parties' appellate briefs, those reviewing appellate Justices or Judges will conduct the Rule 1.36 appeal, alone and singularly, on the record. Under Rule 1.36 appeals with no merits brief to frame the appellate issues the Oklahoma appellate courts in each appellate review is simply conducted where those Justices or Judges unrestrained with the issues framed and set forth in that brief they roam the entire range of the record with their unfocused and without purpose-specific general review of the appellate record. They *sua sponte* raise and, often, reframe, address those facts and

-2-

issues which they, alone, wish to address often the total disregard of the appellate issues of the parties. Without an appellate review based a review of the issues raised and framed by the parties' essential and necessary merits appellate briefs, a Rule 1.36 "appeal" is at best not in-fact an appellate review but it, merely, is a second guessing of the trial court by the Defendants. Defendants' Rule 1.36 appeals are a retrial on the record in appellate drag. Still, only a trial and never is a proper common law appellate review of the trial court. Here, consequently, Plaintiff and Plaintiff-Intervenor have suffered substantial ongoing U.S. Constitutional injuries in fact by being prohibited from filing an appellate brief and are openly threatened with the Defendants' strict enforcement[1] of that rule because Hatton and Mothershed are, respectively, being barred from their rightful filing of an appellate merits brief and the Defendants' appropriately confining their review, consideration, deliberation, and address of the merits of issues raised and framed in that brief, and, consequently, as Rule 1.36 appellants they have has been shut out of state appellate court[2]. A constitutional attack voiding the law, Oklahoma Supreme Court Rule 1.36 would likely relieve Mothershed of the complained of injuries

---

[1] Ladra v. New Dominion, LLC, 2015 OK 53, ¶ 6, 353 P.3d 529, 531.

[2] Ladra v. New Dominion, LLC, 2015 OK 53, ¶ 6, 353 P.3d 529, 531.

gives him Article III standing to challenge that law. <u>Duke Power Co.  v. Carolina Environmental Study Group</u>, 438 U.S. 59, 72-78 (1978)("Where a party champions his own rights, and where the injury alleged is a concrete and particularized one which will be prevented or redressed by the relief requested, the basic practical and prudential concerns underlying the standing doctrine are generally satisfied when the constitutional requisites are met.")[3]; e.g., <u>Bryan v. Yellen</u>, 447 U.S. 352, 366-368 (1980); <u>Watt v. Energy Action Education Foundation</u>, 454 U.S. 151, 160-162 (1981). Plaintiff and Intervenor-Plaintiff have each, sustained at the hands of the Defendants "[a] distinct and palpable injury" which is the Defendants' denial of their full access[4] to the state appellate courts in denial of their First Amendment free speech right and right to petition of access that is adequate, effective and meaningful through filing and not having considered a rightful appellate merits brief arising from Rule 1.36's prohibition and Defendants' threatened strict

---

[3] In <u>Duke Power</u>, the substantive issue was whether the Price-Anderson Act, 42 U.S.C. § 2210(c), (e) (1976), a federal statute limiting the recovery available to victims of a nuclear disaster, violated the fifth amendment due process rights of potential victims to whom the Act might apply. Neither an actual or a threatened disaster had triggered the suit, nor was there any prospect that the statutory limitation would soon, if ever, be applied. Yet a federal district court declared the statutory limitation unconstitutional. On appeal, the Supreme Court without addressing standing reversed on the merits, affirming the constitutionality of the Act. See, <u>Duke Power's</u> implications on the doctrine of standing, see Varat, Variable Justiciability and the Duke Power Case, 58 TEX. L. REV. 273 (1980).

[4] Access is defined as "encompass[ing] all the means a defendant or petitioner might require to get a fair hearing from the judiciary on all charges brought against him or grievances alleged by him." <u>Gilmore v.  Lynch</u>, 319 F. Supp. 105, 110 (N.D. Cal.  1970, aff'd per curiam sub nom., <u>Younger v. Gilmore</u>, 404 U.S. 15 (1971).

enforcement[5] of that rule blocking Hatton and, Mothershed, respectively, from rightfully and U.S. constitutionally protected his filing of an appellate brief and that injury is "a fairly-traceable causal connection between the claimed injury and the challenged conduct." <u>Duke</u>, 438 U.S. at 72, i.e, prohibition against filing a merits appellate brief and their enforcement[6] of that prohibition and Defendants' ongoing and real threatened enforcement[7] of that prohibition.   Plaintiff and Plaintiff-Intervenor have alleged facts sufficient to meet this test of standing; each have alleged harm with which touch and concern each, every, and all state appeals conducted under Rule 1.36.  In <u>Chamber of Commerce of U.S. v. Edmondson</u>, 594 F.3d 742, 757 (10th Cir. 2010), it was decided that a group of business federations could seek an injunction restraining the Oklahoma Attorney General from enforcing a constitutionally void law requiring public employers to condition eligibility for state contracts on the contractor's use of a specific system for verifying the immigration status of its workers. <u>Id</u>. at 750.  An  injunction against the Attorney General would alleviate the injury to some extent. Id. at 758.  Much like an injunction against the Defendants would to some extent alleviate the Rule

---

[5] <u>Ladra v. New Dominion, LLC</u>, 2015 OK 53, ¶ 6, 353 P.3d 529, 531.

[6] <u>Ladra v. New Dominion, LLC</u>, 2015 OK 53, ¶ 6, 353 P.3d 529, 531.

[7] <u>Ladra v. New Dominion, LLC</u>, 2015 OK 53, ¶ 6, 353 P.3d 529, 531.

1.36's U.S. constitutional injuries to Plaintiff and Intervenor-Plaintiff. Since the Attorney General often prepared contracts at the request of public employers, an injunction would preclude him from adding clauses requiring the use of the designated verification system. Id. An injunction would also prevent the Attorney General from filing or defending lawsuits on the basis of the challenged provision. Id. Hatton's and Mothershed's injuries are not discrete Rule 1.36 U.S. Constitutional injuries sustained by, both, Plaintiff or by Plaintiff-Intervenor and, rather, they are open, obvious, grievous and serious constitutional injuries that are redressable through the Court's grant the requested injunctive and declaratory relief. "An opposite holding," the court explained, "would contravene Supreme Court precedent so as to require complete redressability." Id. at n. 16. see also Planned Parenthood of Kan. & Mid-Mo. v. Moser, 747 F.3d 814, 833 & n.4 (10th Cir. 2014).   Rule 1.36's denial of Plaintiff's and Intervenor-Plaintiff's access to the Oklahoma appellate courts "rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff [or intervenor] cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

3.    STANDING: (a) Mothershed would particularly direct the Court to the

complaint (Doc.1, ¶ 4(c)) "4(c) FOURTH GROUNDS FOR RIGHT OF ACCESS TO THE OKLAHOMA COURTS STANDING FOR PLAINTIFFS' RIGHT TO REMEDY IN THIS COURT." Mothershed has forward-looking standing because his Apache v. Mothershed official action of the Defendants in their strict enforcing and their ongoing threat of strict enforcing[8] through ordering his merits appellate brief stricken[9] under Rule 1.36 prohibited him from filing an appellate merits brief denying and shutting out from his full and fair access[10] to the state appellate courts and the opportunity to fully litigate his appeal prior to the January 18, 2017 decision. Christopher v. Harbury, 536 U.S., 413-14(citing Bounds v. Smith, 430 U.S. at 828, and Lewis v. Casey, 513 U.S. at 346-48). The right of access to the

---

[8] Ladra v. New Dominion, LLC, 2015 OK 53, ¶ 6, 353 P.3d 529, 531.

[9] Under the rules for accelerated summary disposition appeals, no briefing shall be allowed unless ordered by the appellate court. Okla. Sup. Ct. R. 1.36(g). Instead, "'[a]n appellate court shall confine its review to the record actually presented to the trial court.' Id. It is evident, therefore, that a party shall not include new arguments or authorities--which would have the effect of briefing the issues--in her Petition in Error. When a party attempts to circumvent this rule, appellate courts are to strike those parts of the petition that exceed the scope allowed by Rule 1.36(g). See, e.g., Simington v. Parker, 2011 OK CIV APP 28, ¶ 6, 250 P.3d 351, 353-54" O'Feery v. Smith, 2001 OK CIV APP 142, ¶ 3, 38 P.3d 242, 244"; Ladra v. New Dominion, LLC, 2015 OK 53, ¶ 6, 353 P.3d 529, 531. Plainly, Rule 1.36 "as applied" is strictly enforced to fully deprive, prohibit and prevents appellants Halls their exercise of their First Amendment Due Process right of access to that court through probiting the filing of an appellate merits brief.

[10] Procunier v. Martinez, 416 U.S. 396, 419 (1974) (describing right of access to courts as part of constitutional due process of law requirements "Regulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid."); see also Murray v. Giarratano, 492 U.S. 1, 11 n.6 (1989) (tracing right of access to courts to due process and equal protection clauses of United States Constitution).

courts is well-established. Christopher v. Harbury, 536 U.S., 415.  Plaintiff's and

Intervenor's claim is essentially the Defendants are in violation of his First

Amendment right of access to courts because he has been shut out his essential

access to state appellate courts under Rule 1.36, is being prohibited from access

by that Rule, and is threatened with Defendants' strict enforcement of that rule

from his filing of an appellate merits brief or his denied his "meaningful opportunity

to be heard," a right long recognized under the Due Process clause. See Broddie

v. Connecticut, 401 U.S. 371, 377 (1971); Chambers v. Baltimore and Ohio R.R.,

207 U.S. 142, 148 (1907) (a state law barring the right of access to courts as "one

of the highest and most essential privileges of citizenship"); See also Blake v.

McClung, 172 U.S. 239, 249 (1898); Slaughter House Cases, 83 U.S. (16 Wall.) 36,

79[11] (1873); Van Deelen v. Johnson, 497 F.3d 1151, 1155-1156 (10th Cir. 2007);

Silver v. Cormier, 529 F.2d 161, 163 (10th Cir. 1976)(affirming a section 1983 claim

against an agency official who threatened to withhold money owing to plaintiffs if

---

[11]  It is said to be the right of the citizen of this great country, protected by implied
guarantees of its Constitution:

> "to come to the seat of government to assert any claim he may have upon that
> government, to transact any business he may have with it, to seek its protection, to
> share its offices, to engage in administering its functions. He has the right of free
> access to its seaports, through which operations of foreign commerce are conducted,
> to the sub-treasuries, land offices, and courts of justice in the several States."

they sued the agency on an unrelated matter, stating that the "right of access to the courts cannot be infringed upon or burdened"). Mothershed complains he has been shut out of Oklahoma appellate courts by Defendants' Rule 1.36's prohibition against his filing of an appellate merits brief and their ongoing threatened strict enforcement of that rule in his <u>Apache</u> appeal to identify and argue the merits of the issues of his appeal. The right of access to state courts applies not only to the actual denial of access to the courts, but also to situations in which the plaintiff has been denied meaningful access by some impediment put up by the defendant, i.e., Rule 1.36's prohibition and Defendants' enforcement of that impediment from his filing an appellate merits brief. <u>Alexander v. Macoubrie</u>, 982 F.2d 307, 308 (8th Cir. 1992). Rule 1.36 and its strict enforcement by ordering merits appellate briefs be stricken or that his brief be disregarded by the appellate courts are actionable impediments placed on Mothershed by the Defendants under Rule 1.36. Defendants' Rule 1.36 prohibition against Mothershed's filing of a merits appellate briefs, threatened strict enforcement of that rule by ordering his brief prohibited, disregarded or stricken are Defendants' official misconduct was so severe as to "render[ ] hollow his right to seek [state appellate] redress," <u>Bell v. City of Milwaukee</u>, 746 F.2d 1205, 1261 (7th Cir.1984), overruled on other grounds by

Russ v. Watts, 414 F.3d 783 (7th Cir.2005). In cases challenging filing fees as a denial of court access, "the object is an order requiring waiver of a fee to open the courthouse door for [future] desired litigation." Christopher v. Harbury, 536 U.S. at 413 (citing Boddie v. Connecticut, 410 U.S. at 372, and M.L.B. v. S.L.J., 519 U.S. 102, 106-07 (1996))(Doc. 1, ¶ 4(c), footnote 18); Jennings v. City of Stillwater, 383 F.3d 1199, 1208–09 (10th Cir. 2004) (distinguishing between "forward looking" and "backwards looking" court access claims); Donahue v. Hoey, 109 F.App'x 340, 356-57 (10th Cir. 2004) (unpublished)(stating that intentional destruction of evidence can constitute a violation of the right of access to the courts).   In Mothershed's forward-looking claims, "the opportunity has not been lost for all time;" rather, it has been lost in the short term. Christopher v. Harbury, 536 U.S. at 413.  Here with this Court finding Rule 1.36 to be unconstitutional and all Rule 1.36 appellate proceedings null, void, of no effect and enjoining Rule 1.36 proceedings Mothershed's loss in the Apache appeal would not be lost for all time with that impediment removed, i.e., his right to file an appellate brief, his loss would be for a short time.  Mothershed's claim is forward looking because his "opportunity has not been lost for all time;" rather, it has been lost in the short term. Christopher v. Harbury, 536 U.S. at 413. Mothershed's opportunity   The

objective of a forward-looking claim is to "place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." Christopher v. Harbury, 536 U.S. at 413. In contrast, backward-looking claims "cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." Christopher v. Harbury, 536 U.S. at 413-14. Examples of backward-looking claims include police cover-ups over a period of time that resulted in a plaintiff's inability to seek redress in state courts. See Christopher v. Harbury, 536 U.S. at 414 (citing Foster v. Lake Johnson, 28 F.3d 425, 429 (5th Cir. 1994), and Swekel v. River Rouge, 119 F.3d 1259, 1261 (6th Cir. 1997)). The Court should focus on the complaint (Doc. 1) paragraph 4(c). because: The claims of being made in this action of the Defendants' denial and strict enforcement of that denial of Plaintiffs' First Amendment free speech right and right of access to the Oklahoma appellate courts, and denial and strict enforcement of that denial of his Fourteenth Amendment due process and equal protection challenge to Rule 1.36 for being unconstitutional and all proceedings conducted under Rule 1.36 are, too, unconstitutional. Christopher v. Harbury, 536 U.S. at, 415. Mothershed has a retrospective claim for Defendants' denial of access to courts which is his injury sustained at the hands of the Defendants' Rule 1.36 and

-11-

their strict enforcement of their prohibition from his filing a merits appellate brief.

This claim is "identif[ied as] a nonfrivolous, arguable underlying claim". Plaintiffs'

right to file an appellate brief stems from the over 800 year tradition and custom

of the common law requiring appellant's to prepare and file merits appellate briefs

for the Court to address and resolve the preserved appealed issues. Cf., Rule 1.111.

For the resolution and determination of these 42 U.S.C. § 1983 constitutional

claims, (a) First, Defendants' Rule 1.36 prohibition against Plaintiff's filing an

appellate merits brief, and (b) too, Defendants' conducting and determining appeals

without having an appellate merits brief to frame the facts and the preserved legal

issues for the appellate court to weigh, consider, decide and resolve  in their

disposition of the state appeal, both, (c) establish Plaintiff's and Intevenor's injuries

in fact as the basis for their First Amendment Art. III standing in this Court and,

(d) too their injuries at the hands of the Defendants for this Court's granting

Plaintiffs' the relief of prospective declaratory judgment and permanent injunctive

relief on their § 1983 claims.  The Plaintiff's and Intevenor's right to remedy or

relief through this Court's grant to Plaintiff's and Intevenor's claims against the

Defendants' is a prospective declaratory judgment declaring Rule 1.36 to be from

the beginning, January 1, 1997, to be null, void and of no effect, to order all

decisions entered in Rule 1.36 appellate proceedings vacated, the mandates in those Rule 1.36 appeals are to be ordered recalled from the trial courts, all Rule 1.36 appeals are, have been interrupted, and remain ongoing from each initial filing of each appeal, and a permanent injunctive relief against all future Rule 1.36 proceedings, or proceedings conducted and decided without the Oklahoma appellate courts' not having considered and addressed issues raised in the parties' appellate merits briefs are to be, therefore, are to be granted.

4.      Mothershed fully adopts Plaintiff Hatton's Plaintiff's Motion for Preliminary Injunction and Declaratory Relief (Doc. ) and the relief therein requested. Fed.R.Civ.P. 10(c).  In adopting Hatton's complaint (Doc. 1) and motion (Doc. ) Mothershed as the proposed Intervenor-Plaintiff has important interests parallel with the interests of the Hatton in the conduct and the outcome of this litigation. In its consideration of the pending complaint and motion for declaratory and injunctive relief the Court, needs ask and address three questions:

(a) In their Oklahoma Rule 1.36 appeal do the Plaintiffs' as state appellants' have a First Amendment right and interest to access the Oklahoma appellate courts and do they have the free speech right and right to petition as his access to the state appellate court that is adequate, effective and meaningful through filing and having considered an appellate merits brief as their opportunity to fully litigate their appeals and to raise and advocate the merits of all of his preserved appellate claims or defenses?

-13-

b) In their Oklahoma appeal do Defendants' in the conduct and enforcement of Rule 1.36(g) in Plaintiffs' appeals deprive, prohibit or bar the Plaintiffs-state appellants' from their exercise of their First Amendment rights and interests of their full and unimpeded access to the Oklahoma appellate courts and deprive them of their First Amendment free speech rights and right to petition right to file an opening appellate merits briefs to advocate all their claims or defenses (1) the informal summary appellate procedures conducted by the Defendants under color of state law in Plaintiffs' Rule 1.36(g) appellate proceedings are and is inadequate or (2) that particular state appellate proceeding subverts the a state appellant's equal access to justice, First Amendment free speech rights and right to petition, Fourteenth Amendment equal protection of the law and due process of the law, then under the First and Fourteenth Amendments a federal forum is available to vindicate the Plaintiffs' rights to free speech, right to petition, procedural due process and equal protection as secured under the U.S. Constitution and the common law, 12 O.S. § 2[12]?[13]

c) Is Rule 1.36 and are the Rule 1.36 proceedings conducted thereunder unconstitutional because the Defendants' have caused the deprivation, denial, and prohibition of the Plaintiffs' to be shut out of the Oklahoma appellate courts in deprivation of all Rule 1.36 appellants' First Amendment right of full access to Oklahoma appellate courts, and their free speech right to file an appellate merits brief, and their Fourteenth Amendment due process of law and equal protection of the law; the Oklahoma appellate proceeding conducted under Rule 1.36 are all null, void, and all Rule 1.36 decisions are of no consequence from the inception of that Rule on January 1, 1997; all Rule 1.36 remain undecided from the date of the initial filing of each appeal and each and every Rule 1.36 appeal are ongoing appeals; all Rule 1.36 appeals are to be ordered vacated; the mandate in each Rule 1.36 appealed ordered recalled; and are to be heard by the Defendants on the merits?

5.      Defendants have not been served with process. Mothershed has not contacted

---

[12] Silver v. Slusher, 1988 OK 53, ¶ 10, 770 P.2d 878, 883.(" There are three separate sources which **give rise to the creation of rights** under Oklahoma law: the state constitution, her statutes and her common law.")(footnote omitted and emphasis added).

[13] Tenn. Elec. Power Co. v. Tenn. Valley Auth., 306 U.S. 118, 137 (1939) (recognizing the existence of legal rights arising from the common law of property, contract, and tort).

the parties or their counsel to seek their consent on this motion to intervene. Counsel(s) for Defendants' has not been specifically identified at this very early stage of this proceeding, therefore, Defendants have not taken a position on Proposed Intervener-Plaintiff's motion.   Plaintiff Hatton would affirmatively consent to this motion. There are no other Plaintiffs or Defendants.  In support of this motion, Mothershed states the following:

6.   The Court Should Grant Mothershed Intervention as of Right.

Upon filing of a timely motion, Federal Rule of Procedure 24(a)(2) requires this Court to "permit anyone to intervene" who demonstrates that he has "an interest relating to . . . the subject of the action" that would be impaired "as a practical matter" because of the action, unless the interest is adequately represented by existing parties to the litigation. Karsner v. Lothian, 532 F.3d 876, 881 n.4 (D.C. Cir. 2008).  It is well settled that Rule 24(a) should be construed liberally in favor of permitting intervention. See Trbovich v. United Mine Workers of America, 404 U.S. 528 (1972). Mothershed could intervene even when he may not have filed suit under the statute relied upon by the original plaintiff and as long as the intervenor did not assert any additional claims. United Mine Workers, 404 U.S. at, 535-37.

7.   There are "four requirements for intervention as of right under Rule 24(a)(2): (1) timeliness; (2) a cognizable interest; (3) impairment of that interest;

and (4) lack of adequate representation by existing parties." <u>Smoke v. Norton</u>, 252 F.3d 468, 470 (D.C. Cir. 2001).(internal citations omitted). Mothershed's Motion satisfies each, particularly the lack of adequate representation by the existing party-plaintiff, which may be acute. <u>Utah Ass'n of Counties v. Clinton</u>, 255 F.3d 1246, 1249 (10th Cir. 2001); <u>Coal. of Ariz./N.M. Counties for Stable Economic Growth</u>, 100 F.3d 837, 844-45 (10th Cir. 1996).

6(a). Mothershed's Motion Is Timely.

First, Rule 24 requires that a motion to intervene be timely. See <u>United States v. British Am. Tobacco Austl. Servs.</u>, 437 F.3d 1235, 1238 (D.C. Cir. 2006). There has been very little time since the Mothershed became aware of this case, and therefore of his interest in it. The complaint was filed on September 21, 2018. While the Mothershed was preparing to file a motion to intervene, Plaintiff filed a motion for a temporary restraining order on December 14, 2018, which was promptly electronically served on Defendants' counsel/service agent. Mothershed submits that the time could hardly have been shorter. Though the docket reveals that no hearing on the temporary restraining order motion is set by the Court, no other scheduling order has been set, no discovery has been undertaken, no dispositive orders have been entered, no trial date has been set, and Defendants have yet to file an answer or other response. Mothershed is filing this motion as soon as possible following the filing of the Plaintiff's motion for a temporary

restraining order. A motion to intervene filed just over a week after the case was initiated and within a few days of a request for injunctive relief is timely. In considering the timeliness of the intervention, the Court should consider the totality of the circumstances, <u>NAACP v. New York</u>, 413 U.S. 345, 366 (1973), including the length of time since the movant knew of his interest in the case; prejudice to the existing parties cause by any delay in intervening (but not delay caused by the intervention itself); prejudice to the proposed intervenor, and the existence of any unusual circumstances, <u>United Nuclear Corp. v. Cannon</u>, 696 F.2d 141, 143 (1st Cir. 1982). In addition, there is no evidence that any party, will be prejudiced by Mothershed's intervention in this action. See <u>In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.</u>, No. 99-1309, 2002 WL31371945, at *3 (D. Minn. Oct. 7, 2002). Likely, the grant of intervention will not cause an additional burden and, likely, will be of substantial benefit to the Court.

6(b). Mothershed's Strong Interests in Preserving the Constitutional Integrity Protection of conduct of Oklahoma appellate proceedings for Citizen-Litigants. Second and third, Rule 24 requires that a movant "claim an interest relating to the property or transaction that is the subject of the action, and [be] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). Mothershed has an interest in ensuring that Oklahoma Rule 1.36 appellants in their exercise of

their First Amendment right to petition and free speech rights, and Fourteenth Amendment rights to due process of the law and equal protection of the law do rightfully fully participate in Oklahoma appeals through filing merits appellate briefs or through meritous dispoasative motions and that this Court's Constitutional control over Oklahoma appeals is preserved.    Permissive intervention is appropriate where the proposed Intervenor's claims or defense raises the same legal questions as the claim or defense of the named plaintiffs. Kobach v. U.S. Election Assistance Commission, No. 13-CV-4095-EFM-DJW, 2013 WL 6511874, at *5 (D. Kan. Dec. 12, 2013). A pursual of the present Plaintiffs' complaint (Doc. 1) with proposed changes shown above shows that the allegations are virtually word for word. Indeed, the Florida v. United States case relied upon and cited by the District Court of Kansas where the plaintiffs' interests and intervenor's interests were parallel when it granted motions to intervene as parties Kobach v. U.S. Election Assistance Commission, No. 13-CV-4095-EFM-DJW, 2013 WL 6511874, at *5 (D. Kan. Dec. 12, 2013). Hatton's and Mothershed's interests are paralell.

Because it is appropriate for Mothershed be granted such leave here. Mothershed's mission and activities involve protecting the integrity of every citizen's U.S. Constitutional appellate rights and that existing properly enacted rules of court procedure regulating the appellate process respect and strictly

strictly enforce the litigants' U.S. Constitutional substantive and procedural rights and interests by prohibiting the filing of a merits appellate brief. Mothershed's adoption of Plaintiff's complaint demonstrates that he, also, supports the legal assertions as those made by the Plaintiff in his complaint and motion. Mothershed possesses unique knowledge, perspective, and expertise regarding the issues in this action. Finally, Mothershed's mission and activities fundamentally deal with a special interest in the protection fair and impartial appellate proceedings and the administration justice for out of state appellants' rights.

Mothershed has as his mission is the advancement and protection of the integrity of his and others' Oklahoma judicial proceedings, raising the standards of Oklahoma appeals to minimally support rights and interests afforded him and others under the U.S. Constitution and the preservation the constitutional balance giving this Court's control over Oklahoma Rule 1.36 appellate proceedings for the interests of out of state litigants. Mothershed has helped his and other citizens defense of the integrity of Oklahoma judicial proceedings by his causing their judicial proceedings to be conducted as, minimially, required by the U.S. Constitution and not to permit Defendants' erosion, circumvention or to subtly subvert his and others of their essential U.S. Constitutional rights and interests to fully and fairly litigate Oklahoma appeals, taking action to ensure that appellants' rights to file an appellate brief are followed and strictly enforced, and by helping his

fellow citizens of the states to, also, enforce their constitutionally protected rights in the routine conduct of state judicial proceedings.

6(iii). Fourth, (4) lack of adequate representation by existing parties. The present Plaintiffs' are citizens of the state of Oklahoma and cannot raise certain issues in this litigation. Mothershed is a citizen of the state of Arizona, giving rise to U.S. CONST., Art. IV, Privileges and Immunities, Sec. 1, and Full Faith and Credit, Sec. 2 issues warranting the addressing and protection of those issues by this Court in its disposition of this litigation. The present party is a citizens of the state of Oklahoma and therefore cannot raise issues arising under U.S. CONST., Art. IV, Privileges and Immunities, Sec. 1, and Full Faith and Credit, Sec. 2. This potential Plaintiff-Intervenor would bring a meaningful, out of state voice to this lawsuit and, also, permit the Court to protect the rights and interests of the out of state community in this litigation. Accordingly, proposed Intervenor-Plaintiff respectfully requests that this Court grant him Plaintiff-Intervenor status, to avoid harm to the out of state community of Rule 1.36 parties.

Mothershed can provide and assist the Court and to the present Plaintiff with an understanding of the out of state national and constitutional implications of this challenge which the present Plaintiff may or may not bring, for reasons they are citizens of the state of Oklahoma and may not rightfully raise these issues.

C.  Plaintiff Will Not Adequately Protect the Non-Citizens of Oklahoma and, too,

Mothershed's interest in advancing protections for the integrity of Oklahoma appeals for out of state court appellants.

Absent the opportunity to intervene, Mothershed's interests and out of state litigants will not be adequately protected. By law, the Defendants are represented by the Office of the Oklahoma Attorney General ("OAG") and does not represent the U.S. Constitutional civil rights of the citizens of the state of Oklahoma or citizens of other states. Rather, the OAG represents the unconstitutional Rule 1.36 and the unconstitutional interests and activities of the Defendants. But the components of the OAG has an obligation to zealously protect the interests of the Defendants and the unconstitutional Rule 1.36 and are likely to demonstrate profound hostility and aggressive opposition to Rule 1.36 as well as to other similar unreasonable state regulation of the appellate process. There are indications that this conflicting hostility of the OAG is ongoing. Furthermore, Supreme Court precedent dictates that the burden to prove inadequacy of representation already "should be treated as minimal." Trbovich, 404 U.S. at 538 n.10. This "requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate." Id. Thus, Mothershed should be allowed to intervene as of right if the Defendant may not diligently pursue the same objective as the citizens of Oklahoma and Mothershed may raise issues having U.S. constitutional implications in this litigation which the present Plaintiff may not rightfully raise.

-21-

7. Mothershed as a movant either has a right to intervene, or is eligible for permissive intervention, because he has Article III backward-looking standing. Christopher v. Harbury, 536 U.S. at, 413-414. Plaintiff has standing to intervene because Plaintiff has standing to sue and too, Mothershed has sustained the same Rule 1.36 injuries at the hands of the Defendants in his Oklahoma Rule 1.36 appeal Apache Corporation v. Mothershed, et al, Case No. 115,367 ("Apache appeal"), he has the same claims as Hatton, and too, he has the same right to the same relief and remedies as the Plaintiff in this 42 U.S.C. § 1983 action.   Moreover, an intervenor, Mothershed, need not establish his standing to be granted permissive intervention. In San Juan County v. United States, 420 F.3d 1197, 1206 (10th Cir. Utah 2005), the Tenth Circuit held "a party seeking to permissive intervene need not first establish its standing."[14] "[S]o long as another party with constitutional standing on the same side as the intervenor remains in the case." Id

8. Mothershed as the prospective Plaintiff-Intervenor meets the standard for permissive standard for permissive intervention. Rule 24(b) does not impose any additional requirements, but is simply a matter within the sound discretion of the district court. See EEOC v. National Children's Ctr., 146 F.3d 1042, 1046 (D.C. Cir. 1998).  Permissive intervention is appropriate where the proposed Intervenor's

---

[14] The Tenth Circuit vacated this opinion on rehearing en banc and affirmed that standing is not required for intervention in San Juan County v. U.S., 503 F.3d 1163, 1172 (10th Cir. 2007), Washington State Apple Advertising Comm'n, 432 U.S. 333, 343 (1977).

claims or defense raises the same legal questions as the claim or defense of the named plaintiffs. <u>Kobach v. U.S. Election Assistance Commission</u>, No. 13-CV-4095-EFM-DJW, 2013 WL 6511874, at *5 (D. Kan. Dec. 12, 2013). "Rule 24(b) allows permissive intervention under the following conditions: (i) the application to intervene is timely; (ii) the applicant's claim or defense and the main action have a question of law or fact in common; and (iii) intervention will not unduly delay or prejudice the adjudication of the original parties' rights."<u>EEOC v. National Children's Ctr.</u>, 146 F.3d at, 1046; <u>Forest Guardians v. U.S. Dep't of Interior</u>, No. CIV-02-1003 JB/WDS, 2004 WL 3426413, at *10 (D.N.M. Jan. 12, 2004). In this case, these standards have been met.

8(i) This motion is timely and will not delay or prejudice the adjudication of the original parties' rights, as follows: "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); <u>Donnelly v. Glickman</u>, 159 F.3d 405, 412 (9th Cir. 1998) (the question is whether intervention will unduly delay the main action or will unfairly prejudice the parties). To determine timeliness, the court examines: (1) the stage of litigation; (2) the prejudice to other parties; and (3) the reason for and length of any delay. <u>San Jose Mercury News, Inc. v. U.S. Dist. Court-N. Dist. (San Jose)</u>, 187 F.3d 1096, 1101 (9th Cir. 1999). A motion to intervene may be filed at either the merits phase or the remedial phase

of the litigation. Since there has been no discovery conducted and no dispositive motions filed or decided neither the United States nor the City has any basis to assert prejudice. There has been no delay by the proposed Intervenor who seeks to resolve the same concerns with the original party. See, e.g., U.S. v. City of Los Angeles, 288 F.3d 391, 398 (9th Cir. 2002)(finding union timely filed its motion to intervene one-and-a-half months after the suit was filed); San Jose Mercury News, Inc., 187 F.3d at 1101 (finding motion to intervene timely when filed twelve weeks after basis for intervention occurred). The Fifth Circuit has held a motion to intervene was timely where the United States' application to intervene to assert a tax lien was filed more than one year after the United States learned of the suit, and after discovery and pretrial proceedings h(|d occurred. Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir. 1970), cert. den. 400 US 878 (1970).

8(ii). Plaintiff Intervenor's claims share common questions of law and of fact with the claims brought by Hatton. The Proposed Intervenor-Plaintiff unquestionably shares common claims with the Plaintiff because he has adopted Plaintiff's complaint and motion word for word.

8(iii). Plaintiff Intervenor's intervention will not unduly delay or prejudice the adjudication of the original party's rights. See, Paragraphs 6(i), and 6(ii), above.

9. The Court should exercise its discretion and grant intervention for Mothershed. Mothershed is a citizen of the state of Arizona, giving rise to his

denial of access to Oklahoma appellate courts U.S. CONST., Art. IV, Privileges and Immunities, Sec. 1, and Full Faith and Credit, Sec. 2 issues warranting the addressing and its protection of Mothershed by this Court in its disposition of this litigation. The present party is a citizen of the state of Oklahoma and therefore cannot raise issues arising under U.S. CONST., Art. IV, Privileges and Immunities, Sec. 1, and Full Faith and Credit, Sec. 2. This potential Plaintiff-Intervenor would bring a meaningful, out of state voice to this lawsuit and permit the Court to protect the rights and interests of the out of state community in this litigation. Accordingly, proposed Intervenor-Plaintiff respectfully requests that this Court grant him Plaintiff-Intervenor status, to avoid harm to the out of state community for all Rule 1.36 parties.

10. Finally, the Court must determine whether the intervention will unduly delay or prejudice adjudication of the rights of the original parties. Given the early stage of this litigation, an evidentiary hearing is neither set nor needed because the facts are based upon the public record of the Defendants, when no scheduling order has been entered and no discovery has taken place, this intervention should not unduly delay this action or prejudice the Plaintiff Hatton' rights, any more than their intervention in the inverse case delayed or prejudiced that litigation. Furthermore, the experience and expertise of the Mothershed will assist the Court, rather than hamper it.

## CONCLUSION

For the reasons set forth above, proposed Plaintiff Intervenor requests that the Court grant him Plaintiff-Intervenor status in this action.

Respectfully submitted,

George L. Mothershed, Intervenor-Plaintiff pro se
6901 West Tonto Drive
Glendale, Arizona 85308-5533
Telephone (602) 866-2760
email: gmothershed@msn.com


## VERIFICATION

STATE OF ARIZONA        )
                        ) ss.
MARICOPA COUNTY         )

I, George L. Mothershed, being first duly sworn, affirm and say that I am the intervenor-plaintiff in the above-styled action; and that I have read the above and foregoing document and I know the contents thereof.  The facts therein stated are fully stated, true and correct of my own personal knowledge.

DATED: December 14, 2018, at Glendale, Arizona.

George L. Mothershed, Proposed Intervenor-Plaintiff.

Taken, sworn to and subscribed before me this 14th day of December, 2018.

(Seal)

Notary Public in and for the State of Arizona

EDDIE B. ENRIQUEZ
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
July 12, 2020

Notice of Electronic Filing

I hereby certify that on the date of filing the above and foregoing document, submitted the original of the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michel J. Hunter, Esq., Attorney General
Office of Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, OK 73105-3207
Attorney for Defendants

and I, also, hereby certify that a copy of the foregoing and above document was by way of United States Postal Service mail three day postage prepaid mailed on the 14th day of December 2018, to:

Paul Anthony Hatton
101 Jordan Way
Pauls Valley, OK 73075-6921