IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PAUL ANTHONY HATTON, )
)
        Plaintiff, )
)
v. ) Case No. CIV-18-1219-C
)
JUSTICES OF THE OKLAHOMA )
SUPREME COURT AND JUDGES )
OF THE COURT OF CIVIL APPEALS )
OF THE STATE OF OKLAHOMA, )
)
        Defendants. )

MEMORANDUM OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss. (Dkt. Nos. 13, 15.[1]) Plaintiff filed a response (Dkt. No. 16), and Defendants did not file a reply. The motion is now at issue.

I. Background

Plaintiff is currently involved in a lawsuit in Oklahoma state court. Specifically, Plaintiff was sued in Garvin County over allegedly unpaid mortgage payments. See Embrace Home Loans v. Hatton, Case No. CJ-2017-97 (Garvin County, Okla.). After summary judgment was entered against him, he appealed his case to the Oklahoma Supreme Court. See Embrace Home Loans v. Hatton, Case No. SD 117581 (Okla. 2018.) That court then designated his case as an accelerated appeal under Oklahoma Supreme

---

[1] Defendants filed their Motion to Dismiss and Amended Motion to Dismiss on the same day. Defendants note that this was to include some exhibits that were inadvertently excluded on the original filing. See (Dkt. No. 15, p. 1, n. 1.) For purposes of this Order, the Court will rely on Defendants' Amended Motion to Dismiss.

Court Rule 1.36—which governs the appellate procedure for summary judgments and certain other specified dismissals. See Id.; See also 12 Okla. Stat. Rule 1.36. This rule involves many provisions, but the most relevant for this case is Rule 1.36(g), which prevents parties from filing appellate briefs "[u]nless otherwise ordered by the appellate court," and requires a party to file a motion for leave to submit an appellate brief. 12 Okla. Stat. Rule 1.36.

Plaintiff's state court appeal is ongoing, and is currently stayed until the resolution of this case. See Hatton, Case No. SD 117581 (Order Dated January 30, 2019.) To date, Plaintiff has not attempted to move the Oklahoma Supreme Court to grant him leave to submit an appellate brief. See generally Hatton, Case No. SD 117581. Nonetheless, he brought this action against the justices of the Oklahoma Supreme Court as well as the judges of the Oklahoma Court of Civil Appeals—all in their official[2] capacities—seeking (1) a declaration that Rule 1.36 is unconstitutional, and (2) an injunction barring Defendants from enforcing the rule against him. (Pl.'s Compl., Dkt. No. 1, p. 1, 69-73.) Defendants have moved to dismiss his claims, maintaining that Plaintiff is not entitled to the injunctive or declaratory relief he seeks. See (Dkt. No. 15.)

---

[2] Originally, Plaintiff had allegedly improperly served Defendants. See (Dkt. No. 9.) After Defendants raised the issue, Plaintiff made a subsequent attempt at service and believes he has cured it. See (Dkt. No. 17.) Because the case must be dismissed on other grounds, the Court finds that it need not address whether Plaintiff's subsequent service was sufficient.

2

## II. Standard

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a pleading must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. Id. Thus, the starting point in resolving the Motion is to examine the factual allegations supporting each claim that Defendant wishes the Court to dismiss. The Court will accept all well-pleaded factual allegations in the Complaint as true and construe them in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). However, conclusory allegations need not be accepted as true. Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).

## III. Discussion

a. Injunctive Relief

Plaintiff first seeks injunctive relief against Defendants. But his claims may be invalid under the Anti-Injunction Act (the "Act"), which provides that:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.

The Act was conceived out of "respect for state courts." Smith v. Bayer Corp., 564 U.S. 299 (2011). Thus, the Act broadly requires that state courts "shall remain free from interference by federal courts." Atlantic Coast Line R. Co. v. Locomotive Engineers, 398 U.S. 281, 282, (1970). As laid out above, however, that principle is subject to "three specifically defined exceptions." Id. at 286. But those exceptions are narrow—they are "not [to] be enlarged by loose statutory construction." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988) (alteration in original). Therefore, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." Atlantic Coast Line, 398 US at 297.

Here, Plaintiff has not identified any applicable exceptions to the rule that a federal court may not enjoin state court proceedings. Regardless, however, the Court finds that none of these exceptions apply in this case. Accordingly, the Court finds that Plaintiff is not entitled to injunctive relief.[3]

b. Declaratory Relief

Plaintiff also seeks declaratory relief against Defendants. When determining whether declaratory relief is appropriate, courts should ask:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; (4) whether use of a declaratory action would increase friction between our

---

[3] Notably, Defendants offer multiple theories in support of the dismissal of Plaintiff's claims. See (Dkt. No. 15.) Because the Court finds that the claims must be dismissed under the Act, however, the Court finds that it need not address Defendants' other arguments.

federal and state courts and improperly encroach upon state jurisdiction; and
(5) whether there is an alternative remedy which is better or more effective.

State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979 (10th Cir. 1994).

The Court finds that these factors weigh in favor of denying declaratory relief. First, Plaintiff has an alternative remedy—he could raise this issue before the Oklahoma Supreme Court directly. Moreover, because all defendants are state court judges, any declaratory relief from this Court would certainly create friction between the federal and state courts and improperly encroach upon the state court's jurisdiction. Finally, the relief Plaintiff seeks would not settle any controversy—it would actually create a new one and disrupt many ongoing appeals within the State of Oklahoma. This is particularly true in light of this Court's finding above that it may not enjoin Defendants in this suit. Thus, any declaratory relief would only cause needless confusion. In sum, the Court finds that Plaintiff's request for declaratory relief should be denied.

## CONCLUSION

For these reasons, (1) Defendants Motion to Dismiss (Dkt. Nos. 13, 15) is GRANTED, and this case is DISMISSED. Accordingly, (1) Plaintiff's Motion for Preliminary Injunction and Declaratory Relief (Dkt. No. 3); (2) George Mothershed's Motion to Intervene as Party Intervenor-Plaintiff (Dkt. No. 5); (3) Plaintiff's Motion for Leave to File Motion for Rule 23 Class Certification (Dkt. No. 7); and (4) Plaintiff's Motion to Continue Stay (Dkt. No. 11) are all DENIED as MOOT.

IT IS SO ORDERED this 1st day of April, 2019.

_____
ROBIN J. CAUTHRON
United States District Judge